Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1936 | **DATE** | March 4, 2004 |
| **CASE TITLE** | *Petra v. Village of Northbrook* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth in the attached Memorandum and Order, this Court OVERRULES Plaintiff Petra's Objections [32-1] and ADOPTS Judge Nolan's recommendation that this Court DENY Petra's Motion for Preliminary Injunction [3-1]. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 42 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PETRA PRESBYTERIAN CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 03 C 1936 |
| VILLAGE OF NORTHBROOK | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAR 0 8 2004

## MEMORANDUM AND ORDER

Plaintiff Petra Presbyterian Church ("Petra") brought the instant action seeking injunctive, declaratory, and monetary relief against Defendant Village of Northbrook ("the Village"). Petra contends that a Village zoning ordinance, which prohibits worship services at a property owned by Petra, violates: (1) the Constitution, specifically the Equal Protection Clause (Count I), Free Exercise Clause (Count III), and First Amendment (Count V); (2) the Religious Land Use and Institutional Persons Act of 2000 ("RLUIPA") (42 U.S.C. § 2000cc, et seq.) (Counts II and IV); and (4) the Illinois Religious Freedom and Restoration Act ("RFRA") (775 ILCS 35/15) (Count VI). Petra also seeks recovery under a theory that its prior use of the property established a vested right (Count VII) and a legal nonconforming use (VIII).

The instant matter comes before this Court on Petra's Objections to Magistrate Judge Nolan's Report and Recommendation ("R&R"), submitted to this Court pursuant to Federal Rule of Civil Procedure 72. After fours days of testimony and the entry of exhibits, Judge Nolan recommends that this Court DENY Petra's Motion for a Preliminary Injunction. Having reviewed Judge Nolan's thorough and well-reasoned 30-page R&R, the parties' objections and

submissions, and the pertinent parts of the record, for the reasons set forth below, this Court adopts Judge Nolan's R & R and Overrules Petra's Objections.

## BACKGROUND[1]

This dispute stems from a Village zoning ordinance that prevents Petra from conducting religious services at property which it owns at 3005 MacArthur Boulevard in Northbrook, Illinois ("the Property"). The Property consists of a four-acre parcel with an office building and a building formerly used as a warehouse and is zoned "I-1" (Industrial-1).

Petra purchased the Property in October of 2001. At that time, the 1988 zoning ordinance was in effect ("the 1988 Ordinance"). Under the 1988 Ordinance, Petra, as a religious organization seeking to conduct religious services in the Village for the first time, was required to: (1) seek a rezoning of the Property from an "I-1 zone" to an "IB (institutional buildings) zone"; and (2) obtain a special permit from the Village.[2]

Prior to purchasing the Property, Petra applied to have the Property rezoned under the 1988 Ordinance. Before the Village took any formal action, however, Petra withdrew its application for rezoning. In withdrawing its application, Petra also exercised a zoning contingency option to terminate its contract to buy the Property. That same year, however, on September 2001, Petra entered into another contract to purchase the Property, this time without a

---

[1] The facts in the Background section are adopted from the uncontested findings of fact in the R&R. Because Judge Nolan provided a complete and thorough factual history in the R&R, this Court will only provide enough background facts to put the parties' arguments in the proper context.

[2] The Village amended the 1988 Ordinance in 2003 ("the 2003 Ordinance"). Under the 2003 Ordinance, all "membership organizations" (including religious and non-religious organizations) were excluded from areas zoned "I-1" because the Village determined that such organizations were not appropriate for industrial areas.

zoning contingency clause and for $300,000 less than the previous purchase price. In October of 2001, Petra closed on the Property.

After taking possession in October of 2001, Petra began using the Property to hold bible study classes, prayer meetings, and choir practices. Initially, Petra did not use the Property to conduct Sunday religious services for its 175 members. Instead, Petra used a church located elsewhere for its Sunday services. In May of 2003, however, Petra began using the Property for its Sunday worship services. After learning of this use, the Village informed Petra that it was in violation of the building code. In June of 2003, the Circuit Court of Cook County, Illinois entered a preliminary injunction preventing Petra from using the Property for its Sunday services because the high occupancy rate violated the applicable zoning ordinance.

Petra now seeks injunctive, declaratory, and monetary relief on the grounds that the 1988 Ordinance, which prohibited worship services at the Property, violated federal and state law. After denying Petra's Motion for a Temporary Restraining Order, this Court referred Petra's Motion for a Preliminary Injunction to Magistrate Judge Nolan.

## STANDARD OF REVIEW

Section 636(b)(1)(B) of Title 28 authorizes a district court to refer a matter to a magistrate judge to conduct an evidentiary hearing. Following this hearing, the magistrate judge cannot enter a final judgment, but must submit to the district court proposed findings of fact and recommendations for disposition, to which either party may file written objections within 10 days. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The district court is required to conduct a de novo review of those portions of the magistrate judge's report and recommendations to which specific written objections have been filed. Rajaratnam v. Moyer, 47 F.3d 922, 924 (7th

Cir.1995). This de novo review is not the same as a de novo hearing, however. The district court is not required to conduct another hearing to review the magistrate judge's findings and credibility determinations. United States v. Raddatz, 447 U.S. 667, 675 (1980); Goffman v. Gross, 59 F.3d 668, 671 (7th Cir.1995); United States v. Severson, 49 F.3d 268, 273 (7th Cir.1995). Rather, the district court has discretion to "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

If the district court finds a problem with the R&R, it may take additional evidence, call witnesses, or remand to the magistrate judge for further development. Raddatz, 447 U.S. at 675. If, following a review of the record, the district court is satisfied with the magistrate judge's findings and recommendations, it may in its discretion treat those findings as its own. Id. at 676. Judicial efficiency, however, requires parties to present their arguments to the magistrate judge in the first instance, as the review procedure is not an opportunity to present new arguments not considered by the magistrate judge. Scholes v. Stine, McGuire & Benjamin, 786 F. Supp. 1385, 1394 n. 8 (N.D. Ill.1992). With these principles in mind, the Court reviews de novo the portions of Judge Nolan's R & R to which Petra filed specific written objections.[3]

---

[3] The portions of the R&R to which Petra did not make specific written objections will be reviewed for clear error. See Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

## ANALYSIS

Petra objects to the R&R on the grounds that: (1) the 1988 Ordinance was unconstitutional, and therefore, Petra's use of the Property for religious worship services was proper; and (2) because Petra established a vested right and/or legal nonconforming use, its use of the Property for religious worship services is appropriate under the 2003 Amended Ordinance.

As for Petra's first contention, Judge Nolan was correct in that a claim for injunctive relief based on an ordinance is mooted by the amendment of that ordinance. (R&R at 12.) Judge Nolan thus correctly analyzed Petra's motion for a preliminary injunction under the 2003 Ordinance, not the 1988 Ordinance.

Petra also contends that even if the 2003 Ordinance is valid and constitutional, it nevertheless has a legal right to use the Property under the vested right and/or legal nonconforming use theories. Therefore, Petra asserts that Judge Nolan erred in finding that it did not have a right to conduct Sunday worship services under the 2003 Ordinance. The Court will discuss each of these theories in turn.

Illinois law permits parties to obtain "a vested right to develop its property in accordance with a certain zoning ordinance despite an amendment thereto." 1350 Lake Shore Associates v. Mazur-Berg, 791 N.E.2d 60, 73 (Ill. App. Ct. 2003). To establish a "vested right," a party must demonstrate that: (1) it made expenditures or incurred obligations "in good faith reliance on the probability that it would obtain a zoning certificate and a building permit pursuant to the current zoning ordinance"; and (2) "those expenditures and obligations were substantial." Id.

The purpose of the vested rights theory is to avoid the "grave injustice" which would result where a party "expends substantial sums" relying on an existing zoning ordinance, which

permits the intended use, only to have the ordinance subsequently changed to exclude the anticipated use. People ex rel. Shell Oil Co. v. Town of Cicero, 298 N.E.2d 9, 12 (Ill. App. Ct. 1973). "A probability that approval is forthcoming exists when the property at issue is zoned to permit the use requested by the landowner." 1350 Lake Shore Associates, 791 N.E.2d at 73. However, "expenses which a property owner incurs with knowledge that an amendatory ordinance, pursuant to which the intended use would not be permitted, is pending, are not incurred in good faith reliance on the probability that a zoning certificate . . . will issue." Id. at 74.

Here, based on the above principles, this Court finds several reasons why Petra does not have a vested right to conduct worship services under the 2003 Ordinance. First and foremost, it is uncontested that Petra never had a right to conduct religious services under the 1988 Ordinance. Therefore, Petra cannot have a vested right under the 2003 Ordinance.

Petra, however, contends that because the 1988 Ordinance was unconstitutional, Petra had the right to conduct worship services, regardless of the law. In making this argument, Petra attempts to analogize its situation to civil rights workers in the 1960's who ignored Jim Crow laws. This contention, however, borders on the absurd. Unlike Jim Crow laws, which specifically violated the Constitution on their face by excluding African-Americans from certain locations, zoning laws are presumed to be valid if they are facially neutral. See Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 766 (7th Cir. 2003); Vineyard Christian Fellowship of Evanston, Inc. v. City of Evanston, 250 F. Supp. 2d 961, 976 (N.D. Ill. 2003). Therefore, this Court finds that Judge Nolan was correct in finding that Petra did not have a

vested right because it did not make any expenditures in good faith that it had a right to use the Property for religious worship services under the 1988 Ordinance.

Judge Nolan's lack of good faith finding is further supported by the fact that Petra purchased the Property in October of 2001 but did not attempt to conduct worship services until May of 2003, a month after the 2003 Ordinance came into effect. Thus, not only did Petra not have a good faith belief, they did not even use the property in the manner which they now claim they had a vested right to use. Moreover, before purchasing the Property, Petra applied to have the Property rezoned under the 1988 Ordinance. Before the Village took any formal action, however, Petra withdrew its application for rezoning. Shortly thereafter, however, Petra purchased the Property at a substantial discount, no doubt based on the fact that it believed that it could not get the Property rezoned.

For the exact same reasons, this Court finds that Petra also failed to show that it established a nonconforming legal use of the property before the 2003 Ordinance was passed. "A legal nonconforming use is a use that is not permitted under the current zoning ordinance but is allowed to continue because it predates the ordinance." City of Marengo v. Pollack, 782 N.E.2d 913, 917 (Ill. App. Ct. 2002). "[A] use that was not lawful at its inception is not a legal nonconforming use and therefore may be eliminated if it violates the current zoning ordinances." Id. Here, Petra cannot establish a legal, nonconforming use of the Property because, as explained above, it never actually used the Property for religious assembly, and even if it had, that use would not have been legal at that time.

Accordingly, this Court finds that Judge Nolan was correct in finding that Petra failed to present sufficient evidence that it had a reasonable likelihood of success on the merits of its vested right and nonconforming legal use claims.[4]

---

[4] After reviewing Judge Nolan's other findings, which were not specifically objected to, this Court finds that Judge Nolan did not clearly err in finding that Petra failed to show that it would suffer irreparable harm and holding that Petra failed to present sufficient evidence that it had a reasonable likelihood of success on the merits of its other federal and state claims.

## CONCLUSION

For the foregoing reasons, this Court OVERRULES Plaintiff Petra's Objections [32-1] and ADOPTS Judge Nolan's recommendation that this Court DENY Petra's Motion for Preliminary Injunction [3-1]. It is so ordered.

ENTER: _Blanche M. Manning_
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: MAR 0 4 2004